614

## MOLLESTON v. COOPER.

Court of Common Pleas.  c. 1809–1819.

*Clayton's Notebook, 121.*

It has been determined in Delaware that a sheriff's sale of lands is not within the Statute of Frauds and need not be in writing, on solemn argument in *Molleston v. Cooper,* which was for the purchase money, and plaintiff recovered.   So in *Manlove v. Reynolds* and in *Andrew Barrett v.* [——].[2]

*Ex relatione T. Clayton.*

## HARPER and HARRINGTON v. [——].[3]

Court of Common Pleas.  c. 1809–1819.

*Clayton's Notebook, 121.*

Indemnifying bond entered binds land from date of entry though no actual injury until long after.   Received opinion here.

*Ex relatione T. Clayton.*

## [ANONYMOUS.]

Orphans' Court.  New Castle.  April, 1819.

*Clayton's Notebook, 121.*

---

[2] Blank in manuscript.
[3] Blank in manuscript.

Decided in New Castle, CHANCELLOR RIDGELY, (Orphans' Court) April, 1819, that the indorsers on an accommodation note might all be compelled to contribute alike.

## FARMERS BANK v. SIMMONS.

Supreme Court.  New Castle.  March, 1819.

*Clayton's Notebook, 121.*

Query.  Whether a bank director be a good witness to prove notice to indorser of non-payment by drawer.  Court divided. JOHNS thought Mr. Brinckle, the director, incompetent.  JUSTICE DAVIS, *contra.*  So he was admitted.  Bill of exceptions.

## [ANONYMOUS.]

Supreme Court.  New Castle.  1819.

*Clayton's Notebook, 121.*

Query.  Case of accommodation note.  Bank takes judgment bond of drawer without notice to indorser, with stay of execution for six months.  Indorser discharged?  *Semble,* yes.  See my Esp.N.P. assumpsit.  *Curia advisare vult.*  Same term [March, 1819].